IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 4 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01602-BNB
(The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.)

ROBERT BRITTON,

    Plaintiff,

v.

CHARLIE DANIELS,

    Defendant.

---

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

---

Plaintiff, Robert Britton, is a prisoner in the custody of the United States Bureau of Prisons and is currently incarcerated in the United States Penitentiary in Florence, Colorado. Mr. Britton, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court has reviewed the Writ of Habeas Corpus and finds that Mr. Britton is asserting civil rights claims rather than habeas corpus claims. Mr. Britton complains that he is not receiving adequate medical care. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). It is well established in the Tenth Circuit that § 2241 is an improper vehicle for a prisoner to challenge the conditions of his confinement. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-

12 (10th Cir. 1997). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), *see, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991), or pursuant to 28 U.S.C. §§ 1331 or 1361, *see Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1235-36 (10th Cir. 2005). Even liberally construing Mr. Britton's claims, he has failed to allege a valid factual basis for a § 2241 action.

As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the court has determined that the submitted document is deficient as described in this order. Plaintiff will be directed to cure the following if he wishes to pursue his claims. Any papers which the Plaintiff files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**
(1)  __X__  is not submitted
(2)  ___  is missing affidavit
(3)  __X__  is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  ___  is missing certificate showing current balance in prison account
(5)  ___  is missing required financial information
(6)  ___  is missing an original signature by the prisoner
(7)  ___  is not on proper form (must use the court's current form)
(8)  ___  names in caption do not match names in caption of complaint, petition or habeas application
(9)  ___  An original and a copy have not been received by the court. Only an original has been received.
(10) __X__  other: Motion is necessary only if $350.00 filing fee is not paid in advance.

**Complaint, Petition or Application:**
(11)  ___  is not submitted
(12)  __X__  is not on proper form (must use the court's current form)
(13)  ___  is missing an original signature by the prisoner
(14)  ___  is missing page nos. ___

2

(15) ___ uses et al. instead of listing all parties in caption
(16) ___ An original and a copy have not been received by the court. Only an original has been received.
(17) ___ Sufficient copies to serve each defendant/respondent have not been received by the court.
(18) ___ names in caption do not match names in text
(19) ___ other _____

Accordingly, it is

ORDERED that the action is construed as a civil rights action filed pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), or 28 U.S.C. § 1331, rather than a habeas corpus action filed pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that the Plaintiff cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers which the Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that the clerk of the court mail to the Plaintiff, together with a copy of this order, two copies of the following forms: Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. It is

FURTHER ORDERED that, if the Plaintiff fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED June 24, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01602-BNB

Robert Britton
Reg. No. 04529-010
USP Florence - High
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prionser's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and of the Prisoner Complaint forms** to the above-named individuals on June 24, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk